UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CERIIS ST. MAARTEN,

                      Appellant,

       - against -

DEUTSCHE BANK NATIONAL TRUST
COMPANY and SELECT PORTFOLIO
SERVICING INC.,

                      Appellees.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-3426 (PKC)

PAMELA K. CHEN, United States District Judge:

Appellant Ceriis St. Maarten appeals the May 24, 2019 order of the United States Bankruptcy Court of the Eastern District of New York denying Appellant's motion for reconsideration of the amended stay relief order. For the reasons stated below, the Order of the Bankruptcy Court is affirmed.

## BACKGROUND[1]

### I. The Bankruptcy Court Proceedings

On March 6, 2018, Appellant filed a petition for relief under Chapter 7 of the Bankruptcy Code. (Bankruptcy Record ("R."), Dkt. 5, at 1.) On September 21, 2018, Appellees filed a motion for relief from the automatic stay with respect to the real property located in Jamaica, New York (the "Property"). (*Id.* at 78–89.) The Bankruptcy Court issued a stay relief order on November 14, 2018 (R., Dkt. 5-1, at 184–85) and amended that order on March 27, 2019, allowing Appellees to pursue its interests in the Property in the bankruptcy proceeding, as well as future filings

---

[1] The following facts are drawn from the parties' submissions and the Bankruptcy Court's record on appeal. The facts are undisputed unless otherwise noted.

affecting the Property for a period of two years from the entry of the stay relief order (*id.* at 243–44). On May 24, 2019, the Bankruptcy Court denied Appellant's motion for reconsideration of the March 27, 2019 order. (*Id.* at 304–17.)

On July 1, 2019, Appellant filed a motion to confirm an arbitration award that purported to "settle[] amounts owed by [Appellant] to [Appellees] with respect to the Property, and award[] $1,200,000 to [Appellant]." (Exhibit 1, Dkt. 12-1, at ECF[2] 3.) On September 4, 2019, the Bankruptcy Court found that Appellees did not agree to the arbitration and denied Appellant's motion to confirm the alleged arbitration award. (*Id.* at ECF 5–6.) On October 29, 2019, the Bankruptcy Court denied Appellant's motion for reconsideration of the September 4, 2019 order. (*Id.* at ECF 12.)

## II. The Instant Appeal

On June 10, 2019, Appellant filed this appeal of the Bankruptcy Court's May 24, 2019 order denying Appellant's motion for reconsideration of the Bankruptcy Court's March 27, 2019 order. (*See* Notice of Appeal, Dkt. 1.) On October 10, 2019, Appellant also filed a motion seeking to have this Court confirm the arbitration award that was rejected by the Bankruptcy Court. (*See* Motion for Arbitration Award Confirmation, Dkt. 11.) In addition, on November 26, 2019, Appellant filed a letter motion asking the Court to vacate the March 29, 2019 foreclosure sale. (*See* Letter Motion to Vacate, Dkt. 15.) Despite having filed a motion to confirm the arbitration award that was rejected by the Bankrupty Court (Dkt. 11), on March 3, 2019, Appellant filed a pre-motion conference request, as required by the Court's Individual Rules for non-*pro se* parties,

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

seeking permission to file a motion to confirm the arbitration award. (*See* Letter Motion for Pre Motion Conference, Dkt. 20.)

## STANDARD OF REVIEW

"District courts have appellate jurisdiction over 'final judgments, orders, and decrees' entered in bankruptcy court." *Satti v. Nechadim Corp.*, No. 17-CV-683 (MKB), 2018 WL 1010206, at *3 (E.D.N.Y. Feb. 16, 2018) (quoting 28 U.S.C. § 158(a)). The district court reviews the Bankruptcy Court's legal conclusions *de novo*, and its factual findings for clear error. *In re Bayshore Wire Prod. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000). "A finding is clearly erroneous when, on consideration of the record as a whole, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Satti*, 2018 WL 1010206, at *3 (internal quotation marks and citation omitted).

In a bankruptcy appeal, "[a] document filed *pro se* is to be liberally construed, and must be held to less stringent standards than formal pleadings drafted by lawyers." *In re Club Ventures Investments LLC*, 507 B.R. 91, 96 (S.D.N.Y. 2014) (internal quotation marks, citations, and ellipsis omitted). The district court should read the *pro se* appellant's briefs to raise the strongest possible arguments they suggest. *See id.*; *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

## DISCUSSION[3]

**I.     Mootness of the Appeal**

Appellees argue that this appeal is moot because the Property has been sold at a foreclosure sale. The Court agrees.

"Where . . . there was no stay pending appeal, the law is clear that once a foreclosure sale has taken place, the appeal is moot." *In re Wenegieme*, No. 16-CV-8107 (VSB), 2017 WL 4286324, at *5 (S.D.N.Y. Sept. 26, 2017) (internal quotation marks, alteration, and citations omitted) (collecting cases); *see also In re Abbott*, 447 F. App'x 232, 234 (2d Cir. 2011) (summary order) (finding that the court "could not fashion effective relief" and therefore the case is moot, "leaving [the] court without jurisdiction to give opinions as to matters no longer presenting a case or controversy" (citations omitted)). "[R]egardless of the merit of an appellant's challenge to a sale order, [the court] may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted." *In re Gucci*, 105 F.3d 837, 840 (2d Cir. 1997); *see also* 11 U.S.C. § 363(m) ("The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the

---

[3] This appeal is limited in scope to review the Bankruptcy Court's May 24, 2019 order denying reconsideration of its March 27, 2019 order. The Court therefore does not consider either Appellant's motion to confirm the arbitration award (Dkt. 11), her motion to vacate the foreclosure sale (Dkt. 15), and her request for a pre-motion conference regarding a motion to confirm the arbitration award (Dkt. 20). The Court also denies Appellant's request to strike Appellees' response to Appellant's opening appeal brief because it was filed one day past the non-statutory deadline set by the Court. (Dkt. 15, at 1; *see* Sept. 9, 2019 Order.) Appellees timely filed their response, because the thirty-day deadline fell on a Sunday and the following Monday was Veteran's Day, making the deadline the following Tuesday, November 12, 2019. Fed. R. Bankr. P. 9006 ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

appeal, unless such authorization and such sale or lease were stayed pending appeal."). To determine "good faith," the court examines the purchaser's "conduct in the course of the sale proceedings," such as "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Colony Hill Assocs.*, 111 F.3d 269, 276 (2d Cir. 1997) (citation omitted).

Here, Appellant did not receive a stay pending appeal, and there are no allegations that Appellees' conduct during the foreclosure sale was not in good faith. Appellees held the foreclosure sale after two hearings and an affirmative order from the Bankruptcy Court for Appellees to proceed with the sale. (R., Dkt. 5-1, at 184–85, 243–44.) By Appellant's own admission, she filed a *lis pendens* petition the morning of the foreclosure sale and "chill[ed] all the third-party Investors in the auction room so the property defaulted to [Appellees]." (Appellant's Brief, Dkt. 10, at 7; *see also* R., Dkt. 5-1, at 254 ("On the morning of the sale I filed a Lis Pendens and created a commotion in the court room;[ ]resulting in the auctioneer selling back to the bank, naturally.").)

Therefore, this appeal is moot because "the property that was previously subject to the stay has already been sold pursuant to the bankruptcy court's order[,]" *In re Watkins*, No. 06-CV-1341 (DGT), 2008 WL 708413, at *3 (E.D.N.Y. Mar. 14, 2008) (citation omitted), and the Property was purchased in good faith, *In re Gucci*, 105 F.3d at 840. *See In re Ogundoju*, No. 07-CV-3774 (JS), 2008 WL 4185878, at *2 (E.D.N.Y. Sept. 4, 2008) (finding appellant's appeal of the order denying appellant's motion to reconsider the decision to lift the automatic stay moot and denying appeal).

## II. The Bankruptcy Court's Denial of Motion for Reconsideration

Even if the Court were to find that the appeal is not moot, the Court would nonetheless deny Appellant's appeal on the ground that the Bankruptcy Court did not abuse its discretion in denying Appellant's reconsideration motion. Appellant argues substantively (1) that the

Bankruptcy Court erred by amending the stay relief order to grant a relief that was not specifically requested by Appellees; and (2) that the stay was improper, because the assignment of Appellant's debt to Appellees was fraudulent. (Appellant's Brief, Dkt. 10, at 6–8.)

"Because Appellant's appeal to the district court concerned the bankruptcy court's order[] denying her motion[] for reconsideration, this Court reviews [the decision] for abuse of discretion." *Coe v. RJM, LLC*, 372 F. App'x 188, 189 (2d Cir. 2010) (summary order) (citations omitted). Bankruptcy Rule 9024 provides that reconsideration motions in the bankruptcy court are governed by Federal Rule of Civil Procedure ("FRCP") 60. Fed. R. Bankr. P. 9024. In addition, as to the order modifying the automatic stay underlying the reconsideration motion, "[a] district court may only overturn a decision of the bankruptcy court to lift an automatic stay if the district court determines that the bankruptcy court has abused its discretion." *In re Watkins*, No. 06-CV-1341 (DGT), 2008 WL 708413, at *3 (E.D.N.Y. Mar. 14, 2008) (citation omitted).

The Bankruptcy Court did not abuse its discretion in determining that Appellant had failed to satisfy her burden for a motion for reconsideration under FRCP 60(b)(1). The Bankruptcy Court correctly rejected Appellant's argument that the relief granted in the amended stay relief order exceeded what was originally requested in the underlying motion. (R., Dkt. 5-1, at 307.) In their original motion, Appellees had requested relief under §§ 362(d)(1) and 362(d)(4)(B) and any *"further relief that [the Bankruptcy Court] deem[ed] appropriate."* (*Id.* (emphasis added).) The relief requested by Appellees was therefore not limited to the relief authorized under §§ 362(d)(1) and 362(d)(4)(B). Thus, the relief granted by the Bankruptcy Court in the amended order, under §§ 362(d)(1), 362(d)(4)(B), *and* 362(d)(2)—based on the Bankruptcy Court's finding that relief under § 362(d)(2) was within the scope of "further relief that [the Bankruptcy Court] deem[ed]

6

appropriate" (*id.* at 309)—plainly did not exceed the scope of the relief that Appellees requested in their motion, and was not clearly erroneous.

The Bankruptcy Court also correctly found that Appellees had made a sufficient showing that they were entitled to the relief granted in the amended order. (*Id.* at 307–11.) At the time the order was issued, Appellant's loan was due and she owed 144 payments. The Bankruptcy Court found that such "failure to make post-petition payments on a secured debt constitute[d] a lack of adequate protection" and entitled Appellees to stay relief under § 362(d)(1). (*Id.* at 307–08.) *See Ford v. Bd. of Managers of Cameo Townhouses at Massapequa*, No. 08-CV-2740 (ADS), 2009 WL 425888, at *6 (E.D.N.Y. Feb. 18, 2009) ("[A] debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1)." (internal quotation marks and citation omitted)). The Bankruptcy Court also found that Appellees had made a *prima facie* showing under § 362(d)(2) that Appellant had no equity in the Property, because the total indebtedness on the loan exceeded the value of the Property, and Appellant had failed to show that the Property was necessary to an effective reorganization. (R., Dkt. 5-1, at 309–10.) *In re 347 Linden LLC*, No. 11-CV-1990 (KAM), 2011 WL 2971496, at *8 (E.D.N.Y. July 20, 2011) ("[T]he court shall grant relief from the stay if the debtor does not have an equity in such property. Once the movant shows that the debtor has no equity in the property the burden shifts to the debtor to show that the property is necessary to an effective reorganization." (internal quotation marks, alteration, and citation omitted)). Lastly, the Bankruptcy Court found that there had been multiple bankruptcy filings affecting the Property and that there was a scheme to "delay, hinder, or defraud" Appellees, entitling them to relief under § 362(d)(4)(B). (R., Dkt. 5-1, at 310–11.) *See Holt v. JP Morgan Chase Bank, N.A.*, No. 17-CV-7901 (NSR), 2019 WL 192298, at *1 (S.D.N.Y. Jan. 15, 2019) ("The Bankruptcy Code [] provides that the court shall

7

grant relief from a stay if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings." (internal quotation marks and alteration omitted) (quoting 11 U.S.C. § 362(d)(4)(B))).

In addition, the Bankruptcy Court was correct in ruling that Appellant had not justified reconsideration for any reason set forth in FRCP 60(b)(2)–(6). (*Id.* at 311–17.) Appellant made only unsubstantiated allegations in her reply on the motion for reconsideration that she never received any of the money loaned to her by Long Beach Mortgage Company (*id.* at 95). (*Id.* at 275.) Appellant therefore failed to meet her burden under FRCP 60(b), and the Bankruptcy Court properly denied her motion for reconsideration.

Lastly, the Bankruptcy Court was within its discretion to lift the automatic stay. The Bankruptcy Court found in the November 14, 2018 Stay Relief Order that "the filing of [Appellant's] bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that has involved multiple bankruptcy filings by [Appellant] and affecting the Property." (R., Dkt. 5-1, at 184.) This finding of fact was not clearly erroneous. *See In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) ("[B]ankruptcy courts may infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone.") (internal quotation marks and citation omitted).

Thus, even if this appeal were not moot, because Appellant has failed to put forth any evidence showing that a mistake was made by the Bankruptcy Court, the Court would deny this appeal on the merits.

## CONCLUSION

For the reasons stated above, the Court denies Appellant St. Maarten's appeal and affirms the May 24, 2019 order of the Bankruptcy Court denying reconsideration of its March 27, 2019 order. The Clerk of Court is respectfully directed to enter judgment and close this case.

8

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 5, 2020
      Brooklyn, New York